
IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA
(ANCHORAGE)

**THOMAS P. RANES,**

    **Petitioner,**    Civil Action No._____

 **vs.**         Criminal No. 3:06-CR-41-RRB

**UNITED STATES OF AMERICA,**

    **Respondent.**

_____/

## PETITIONER'S MOTION TO VACATE, SET ASIDE, AND CORRECT THE SENTENCE AND CONVICTION IN ACCORDANCE WITH 28 U.S.C.§2255

 **COMES NOW** the petitioner, *Thomas P. Ranes*, appearing <u>pro se</u>, and files this motion to vacate, set aside and/or correct the sentence and judgment of conviction imposed in this case, pursuant to Title 28, United States Code, section 2255, on the grounds that his guilty plea resulted from a denial of his right to Effective Assistance of Counsel as guaranteed by the Sixth Amendment of the United States Constitution, and would show the Court as follows:

 1) On June 21, 2006, a second superseding indictment was filed in the United States District Court for the District of Alaska, charging the petitioner with, *<u>inter alia</u>*, being a participant in a marijuana conspiracy (Count 1), money laundering (Count 119), and international money laundering (Count 137). In addition, the indictment contained forfeiture allegations (Counts 141 and 142). On February 8, 2008, petitioner pleaded guilty to each of these counts.

2) On May 8, 2008, the petitioner moved to withdraw his plea of guilty. However, that motion was denied. On June 4, 2008, the petitioner sentenced to a term of 360 months imprisonment, to be followed by five years of supervised release.  A timely appeal was taken. However, the judgment was affirmed by the Ninth Circuit. Petitioner subsequently moved for rehearing and rehearing en banc. However, on or about February 9, 2010, that petition was denied.

3) The petitioner now moves to vacate the sentence and judgment of conviction in this case on the ground that he was denied effective assistance of counsel in a manner that renders his guilty plea infirm.  For the reasons that follow, the judgment should be vacated.

4) ***BY VIRTUE OF INEFFECATIVE ASSISTANCE OF COUNSEL, THE THE GUILTY PLEA WAS UNINTELLIGENT, UNKNOWING,  AND INVOLUNTARY.***

As a preliminary matter, the standard for determining ineffective assistance is a very familiar one to the courts. To establish a claim of ineffective assistance of counsel in violation of the Sixth Amendment of the United States Constitution, a petitioner must demonstrate (1) deficient performance by the attorney, and (2) prejudice resulting from counsel's ineffectiveness. *See, Strickland v. Washington, 466 U.S. 668 (1984).*

In the present case, prior to accepting the Government's plea offer to thirty years imprisonment, former counsel advised the petitioner that if he were to reject the Government's plea offer, proceed to trial, and be convicted thereafter, he would automatically be exposed to a mandatory minimum prison term of **sixty years** would apply. I have since learned that this representation was false, and may have been made by my former attorney in bad faith, and for the purpose of having me accept the Government's unreasonable plea offer. But for counsel's advice regarding the mandatory minimum term that I would face if I were convicted after a trial, I would not have accepted the Government's plea offer, I would not have entered a plea of guilty – inasmuch as I was actually innocent of the marijuana conspiracy charged – and I would have proceeded to trial.

Counsel's deliberate and materially false representations concerning the mandatory minimum prison term I would face if I didn't accept the Government's plea offer rendered the guilty plea involuntary. As such, the Court should promptly schedule this matter for an evidentiary hearing, and/or vacate the judgment of conviction and sentence, in the interest of justice and to prevent a complete miscarriage thereof.

**WHEREFORE**, for the reasons stated above, petitioner hereby respectfully requests that the Court issue an Order (1) scheduling and evidentiary hearing in this matter, and/or (2) vacating the judgment of conviction and sentence in this case.

# *VERIFICATION*

I, **THOMAS P. RANES**, do hereby verify, certify and affirm, under the penalty of perjury, that the foregoing is true and correct to the best of my knowledge, belief and recollection.

Dated: Butner, North Carolina
February 4, 2011

Respectfully submitted,

*Thomas P. Ranes*

Thomas P. Ranes
Register No. 15245-006
Federal Correction Institution
P.O. Box 1500
Butner, North Carolina 27509

to usps.com/postageonline

PRIORITY MAIL
POSTAGE REQUIRED.

**PLEASE PRESS FIRMLY**



USPS
FEB.10.11
BROOKLYN,NY

0000000658

U.S.POSTAGE
04.95
POSTALIA 384826

# Flat Rate
# Mailing Envelope

**For Domestic and International Use**

*Visit us at usps.com*

From:/Expéditeur:

Thomas P. Rowe
Reg. No. 15245-006
P.O. Box 1500
Butner, NC 27509

To:/Destinataire:

United States District Court
District of Alaska
222 West 7th Avenue, #4
Anchorage, Alaska 99513

Country of Destination:/Pays de destination:


Recycled
Paper



EP14F

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® shipment. Misuse may be a violation of federal law. This packaging is not for resale. EP14F © U.S. Postal Service; Oct. 2008; All rights reserved.